| | |
|---|---|
| **District Court, County of Jefferson, State of Colorado**<br><br>Court Address:   100 Jefferson County Parkway<br>                               Golden, Colorado  80401 | |
| **Plaintiff:**  Richard Carroll and Sharon Carroll<br><br>v.<br><br>**Defendant:**  Allstate Fire and Casualty Insurance Company | ▲COURT USE ONLY▲ |
| Attorneys for Plaintiff:<br><br>Richard M. Kaudy, #12345<br>The Kaudy Law Firm, LLC<br>1415 Larimer Street, Suite 300<br>Denver, Colorado 80202<br>Phone: (303) 623-1885<br>Fax: 303-623-1825<br>E-mail: rkaudy@kaudylaw.com;<br><br>Richard L. Eddington. #25367<br>Law Offices of Ralph A. Cantafio. P.C.<br>345 Lincoln Avenue, Suite 202<br>Steamboat Springs. Colorado  80487<br>Phone: 970-879-4567<br>Fax: 970-879-4511 | Case No.:  2011CV<br><br>Ctrm/Div:<br><br>Trial date: |
| **COMPLAINT AND JURY DEMAND** | |

The parties, through counsel, pursuant to C.R.C.P. 8, for a Complaint, allege and aver as follows:

1. The plaintiffs are residents of the State of Colorado.

2. The defendant is a for-profit stock corporation duly licensed to transact lawful business within the State of Colorado.

3. The defendant is engaged in the business of selling personal automobile insurance

policies within the State of Colorado.

4. The defendant maintains sales and claims offices within Jefferson County, Colorado, and has at all times pertinent herein.

5. The defendant is subject to regulation by the Colorado Division of Insurance.

6. The defendant is obligated to obey Colorado laws, regulations and statutes.

7. The defendant is obligated to comply with the Colorado Unfair Claim Settlement Practices Act, C.R.S. §10-3-1104 (1) (h).

8. The defendant sold policies of personal automobile insurance to Richard and Sharon Carroll.

9. The insurance policies sold to Richard and Sharon Carroll promised to provide the Carrolls with stackable Underinsured Motorist coverage benefits.

10. The insurance policies were designed and intended to transfer the risk or chance of financial loss from the Carrolls as insureds to Allstate as the insurer in the event certain conditions and circumstances occurred that activated the coverage.

11. For the Carrolls to qualify for those coverage benefits, they need to establish that they were damaged by the negligence of another motorist during their policy term and that their damages exceed the coverage of the at-fault motorist.

12. The Carrolls as plaintiffs are insureds of the defendant.

13. The plaintiffs obtained contracts of insurance from the defendant from their Conifer, Colorado, residence located in Jefferson County, Colorado.

14. The insurance contracts were to be performed within Jefferson County, Colorado, where they were formed and where they were breached.

15. The plaintiffs currently reside in La Plata County, Colorado, in the town of Bayfield.

16. On or about November 24, 2010, approximately 11 miles east of Spanish Forks, Utah, Mr. and Mrs. Carroll suffered injuries from a motor vehicle collision caused by the negligence of one Hector Guillen, *See* exhibit 1, a copy of the traffic investigation report.

17. Guillen by coincidence was insured by Allstate Insurance Company with bodily injury liability policy limits of $25,000 per person, $50,000 per accident.

18. With permission of Allstate, the Carrolls settled their third-party claims against the

negligent Guillen and Allstate for the full policy limits purchased by Guillen.

19. The Carrolls then requested their Underinsured Motorist (UIM) policy benefits from Allstate under their insurance policy from Allstate. *See,* exhibit 2, the March 20, 2011, letter from Richard Carroll to adjuster Palmer, exhibit 3, the April 6, 2011, letter from Mr. Carroll to adjuster Palmer and exhibit 4, the April 18, 2011, letter to adjuster Palmer.

20. The Carrolls provided Allstate with signed medical authorizations enabling Allstate to obtain copies of their medical records and billings but Allstate still refused to provide any explanation for the insurance company's claims decision. *See,* exhibit 5, the May 3, 2011, letter to adjuster Palmer from Richard Carroll.

21. The Carrolls have satisfied all conditions precedent required by Allstate for them to qualify for their contract benefits.

22. The Carrolls wrote to Allstate and repeatedly asked Allstate either to pay them their policy benefits or provide them with an explanation for why Allstate was not paying the benefits. *See,* exhibit 2, the March 20, 2011, letter to Allstate from Richard Carroll, as an example of such communications.

23. Allstate refused to provide the Carrolls with any written explanation for why Allstate would not pay them any of their covered benefits, but only provided form letters that their claim was under investigation. *See,* exhibit 6, the Aug. 9, 2011, letter from adjuster Palmer.

24. Allstate was asked in letters dated September 7, 2011, October 7, 2011 and November 7, 2011, for explanations for why Allstate refuses to pay the Carrolls' claim.

25. To date, Allstate has not explained any decision why Allstate will not pay the Carrolls any of their policy benefits but instead has sought to divert the policyholder requests for benefits into some sort of claims "negotiations" where Allstate can escape obeying its duty of good faith and fair dealing and duty to obey Colorado law, C.R.S. §10-3-1104 (1)(h), the Unfair Claim Settlement Practices Act (UCPA).

26. Based on the series of unsuccessful attempts to obtain information from Allstate, Allstate violated C.R.S. §§10-3-1115 and 10-3-1104 (1)(h) by refusing to communicate with them for why they were not being provided any claims benefits and by having expressed no reasons whatsoever or no reasonable justification for why Allstate would not pay them their benefits.

27. Through its legal counsel and through its claims adjustment practices, Allstate sought to escape its duty of good faith and fair dealing by steering the request for policy benefits into a "negotiations" ploy where Allstate hoped it could be relieved of its duties to act in good faith and fair dealing and to comply with the UCSPA.

3

28. Allstate owes the Carrolls the non-delegable duty of good faith and fair dealing in its handling of their claim for benefits.

29. Allstate owes the Carrolls the non-delegable duty to obey Colorado's Unfair Claim Practices Act, C.R.S. §10-3-1104 (1) (h) by providing them with an explanation for the Allstate decision not to pay them any UIM benefits, based on the law, facts of the particular claim and policy language. *See, Dunn v. American Family Insurance Co.*, 251 P. 3rd 1232 (Colo. App. 2010).

30. Allstate breached its contract with the Carrolls further by refusing to pay them even the amount of contractual benefits Allstate admitted were owed to the Carrolls but instead sought to engage in delay to leverage the Carrolls into accepting lesser amounts than their purchased policy limits.

31. Allstate acted in bad faith by breaching its covenant of good faith and fair dealing owed to insureds Richard and Sharon Carroll in its handling of their requests for UIM benefits by concealing from them how Allstate evaluated their respective claims and what weight Allstate placed on any particular materials.

32. Allstate refused to conduct a reasonable investigation of the Carrolls' claims for UIM benefits by having the Carrolls conduct a "self-investigation" through which the adjuster and Allstate lawyer would not use the signed medical authorizations but require the Carrolls to provide duplicates of medical records already provided.

33. Allstate owes the Carrolls a duty to investigate their claims in good faith.

34. Allstate owes the Carrolls a duty to hire unbiased experts to help investigate their claim.

35. Allstate owes the Carrolls a duty to conduct a thorough and fair investigation of their claim and to fund such an investigation if warranted.

36. Allstate owes the Carrolls a duty to conduct an investigation with an eye toward uncovering facts that support payment of the claim and not just for facts that might support nonpayment of the claim.

37. Allstate owes the Carrolls a duty to conduct a fair and impartial evaluation of their damages by giving their financial interests equal consideration and not elevate Allstate's financial interests ahead of the Carrolls.

38. Allstate owes the Carrolls a duty to pay them the full amount that Allstate has evaluated their claim at the time without requiring the Carrolls to give up or release their entitlement to full policy benefits.

39. Allstate owes the Carrolls a continuing duty of good faith and fair dealing even during the pendency of this action necessitated by Allstate's failure to comply with C.R.S. §10-3-1104 (1) (h).

40. Allstate breached these duties of good faith owed to the Carrolls by refusing to engage independent unbiased experts to help investigate their claims but instead hired only lawyers with a fiduciary duty owed only to Allstate with their chief mission being to delay and deny the Carrolls' claims for UIM benefits.

41. Even after Allstate conducted additional investigation through cross examination of Richard and Sharon Carroll for several hours by its retained counsel, Allstate has not communicated why it will not pay them any contractual benefits or reasons for its claim decision based on the law, facts or insurance policy language as required by Colorado law and insurance industry standards.

42. Allstate here acted with a reckless, willful and wanton disregard for the rights and feelings of their insureds, the Carrolls as shown by the deliberate indifference to policyholder inquiries about their claim, intentional decision not to provide any explanation of the claims decision to the insureds, and with the pattern of delay by responding only once monthly to policyholder inquiries.

**WHEREFORE,** in light of Allstate breaching its insurance contract, in wrongfully withholding benefits it admits it owes, in breaching the covenant of good faith and fair dealing and in delaying and denying the first-party claims without reasonable justification, the plaintiffs pray for judgment against the defendant, for an award of interest, costs, fees, expert witness fees and any other relief authorized by law.

**JURY TRIAL DEMANDED**

Respectfully submitted this 8th day of December 2011.

THE KAUDY LAW FIRM, LLC

*A duly signed original is on file at*
*THE KAUDY LAW FIRM, LLC*

*/s Richard M. Kaudy*
Richard M. Kaudy, #12345
Attorneys for Plaintiff