| | |
|---|---|
| DISTRICT COURT, JEFFERSON COUNTY, COLORADO<br><br>Court Address:<br>100 Jefferson County parkway<br>Golden, Colorado 80401 | ▲ **COURT USE ONLY** ▲ |
| **Plaintiff**: RICHARD CARROLL AND SHARON CARROLL<br><br>v.<br><br>**Defendant**: ALLSTATE FIRE AND CASUALTY INSURANCE COMPANY | Case Number:<br>2011CV<br><br>Div. |
| Attorney for Defendant:<br>Andrew A. Scott<br>WALBERG, TUCKER & HOLMES, P.C.<br>Quebec Centre II, Suite 300<br>7400 East Caley Avenue<br>Centennial, CO 80111-6714<br>Phone: (303) 694-9300<br>Fax:    (303) 694-9370<br>Email: aas@wth-law.net | |
| **ANSWER TO COMPLAINT AND JURY DEMAND** | |

The defendant, Allstate Fire and Casualty Insurance Company (Allstate), through its attorneys, Walberg, Tucker & Holmes, P.C. , hereby submits it's Answer to Plaintiffs' Complaint and Jury Demand by stating as follows and unless specifically admitted herein, each of the plaintiffs' allegations against this defendant are expressly denied:

1. The allegations contained in paragraph 1 of Plaintiff's Complaint are admitted.

2. Defendant admits paragraph 2 but affirmatively alleges that it is an Illinois corporation with its principal place of business established in the state of Illinois.

3. The allegations contained in paragraph 3 of Plaintiff's Complaint are admitted.

4. With respect to the allegations contained in paragraph 4 of Plaintiff's Complaint, the Defendant admits that it maintains sales offices within Jefferson County, Colorado but denies the remainder of the allegations contained therein.

5. With respect to the allegations contained in paragraph 5 of Plaintiff's Complaint, this paragraph does not contain any factual assertions to which any reply must be made. Insofar as any allegation therein could be construed to require a response, the allegation is denied.

6. With respect to the allegations contained in paragraph 6 of Plaintiff's Complaint, this paragraph does not contain any factual assertions to which any reply must be made. Insofar as any allegation therein could be construed to require a response, the allegation is denied.

7. With respect to the allegations contained in paragraph 7 of Plaintiff's Complaint, this paragraph does not contain any factual assertions to which any reply must be made. Insofar as any allegation therein could be construed to require a response, the allegation is denied.

8. The allegations contained in paragraph 8 of Plaintiff's Complaint are admitted.

9. With respect to the allegations contained in paragraph 9 the Defendant responds that the contracts of insurance are subject to all of the terms, limitations, exceptions and exclusions set forth therein. Any other assertions or implications contained in paragraph 9 are denied.

10. With respect to the allegations contained in paragraph 10 the Defendant responds that the contracts of insurance are subject to all of the terms, limitations, exceptions and exclusions set forth therein. Any other assertions or implications contained in paragraph 10 are denied.

11. With respect to the allegations contained in paragraph 11 the Defendant responds that the contracts of insurance are subject to all of the terms, limitations, exceptions and exclusions set forth therein. Any other assertions or implications contained in paragraph 11 are denied.

12. The allegations contained in paragraph 12 of Plaintiff's Complaint are admitted.

13. The Defendant is without sufficient information upon which to form a belief as to the truth of the remaining allegations contained in paragraph 13 of Plaintiff's Complaint. Lacking sufficient information and belief, the remaining allegations contained in paragraph 13 are denied.

14. The allegations contained in paragraph 14 of Plaintiff's Complaint are denied.

15. The allegations contained in paragraph 15 of Plaintiff's Complaint are admitted.

16. The allegations contained in paragraph 16 of Plaintiff's Complaint are admitted.

17. The allegations contained in paragraph 17 of Plaintiff's Complaint are admitted.

18. The allegations contained in paragraph 18 of Plaintiff's Complaint are admitted.

19. With respect to the allegations contained in paragraph 19, the Defendant admits that the Carrolls requested UIM policy benefits from Allstate. Any other assertions or implications contained in paragraph 19 is denied.

20. With respect to the allegations contained in paragraph 20 the Defendant admits that the Carrolls provided Allstate personnel with signed medical authorizations enabling Allstate to obtain copies of certain medical records and billings. Allstate denies the remainder of the allegations contained in paragraph 20 of the Complaint.

21. The allegations contained in paragraph 21 of Plaintiff's Complaint are denied.

22. The allegations contained in paragraph 22 of Plaintiff's Complaint are admitted.

23. The allegations contained in paragraph 23 of Plaintiff's Complaint are denied.

24. The allegations contained in paragraph 24 of Plaintiff's Complaint are denied.

25. The allegations contained in paragraph 25 of Plaintiff's Complaint are denied.

26. The allegations contained in paragraph 26 of Plaintiff's Complaint are denied.

27. The allegations contained in paragraph 27 of Plaintiff's Complaint are denied.

28. The allegations contained in paragraph 28 of Plaintiff's Complaint are admitted.

29. With respect to the allegations contained in paragraph 29 of Plaintiff's Complaint, this paragraph does not contain any factual assertions to which any reply must be made. Insofar as any allegation therein could be construed to require a response, the allegation is denied.

30. The allegations contained in paragraph 30 of Plaintiff's Complaint are denied.

31. The allegations contained in paragraph 31 of Plaintiff's Complaint are denied.

32. The allegations contained in paragraph 32 of Plaintiff's Complaint are denied.

33. The allegations contained in paragraph 33 of Plaintiff's Complaint are admitted.

34. The allegations contained in paragraph 34 of Plaintiff's Complaint are denied.

35. With respect to the allegations contained in paragraph 35 of Plaintiff's Complaint, this paragraph does not contain any factual assertions to which any reply must be made. Insofar as any allegation therein could be construed to require a response, the allegation is denied.

36. With respect to the allegations contained in paragraph 36 of Plaintiff's Complaint, this paragraph does not contain any factual assertions to which any reply must be made. Insofar as any allegation therein could be construed to require a response, the allegation is denied.

37. With respect to the allegations contained in paragraph 37 of Plaintiff's Complaint, this paragraph does not contain any factual assertions to which any reply must be made. Insofar as any allegation therein could be construed to require a response, the allegation is denied.

38. The allegations contained in paragraph 38 of Plaintiff's Complaint are denied.

39. With respect to the allegations contained in paragraph 39 of Plaintiff's Complaint, this paragraph does not contain any factual assertions to which any reply must be made. Insofar as any allegation therein could be construed to require a response, the allegation is denied.

40. The allegations contained in paragraph 40 of Plaintiff's Complaint are denied.

41. The allegations contained in paragraph 41 of Plaintiff's Complaint are denied.

42. The allegations contained in paragraph 42 of Plaintiff's Complaint are denied.

## AFFIRMATIVE DEFENSES

The Rules of Civil Procedure require every defendant to plead potential Affirmative Defenses at the time the Answer is filed, or risk a determination that the potential Affirmative Defenses are waived, even though no disclosures have been exchanged, and no right of discovery exists, at the time the Answer is filed. Therefore, the following Affirmative Defenses are necessarily pled based only upon information and belief. Defendant reserves the right to seek leave to add, withdraw, and/or modify Affirmative Defenses once disclosures are exchanged, discovery is received, or other information is obtained. In identifying the following as "Affirmative Defenses", defendant does not

imply that the burden of proof or of going forward with evidence has shifted, as that is a matter for Court determination.

1. The failure to take such reasonable steps as would have mitigated or minimized the alleged injuries and damages may preclude recovery on these injuries and damages.

2. The alleged injuries and damages, if any, may have existed before the occurrence complained of and recovery therefore shall be precluded or diminished as required by law.

3. The alleged injuries and damages, if any, may be the result of injuries incurred after the occurrence complained of and recovery therefore shall be precluded or diminished as required by law.

4. The Complaint fails to state a legally cognizable claim upon which relief may be granted.

5. The alleged injuries and damages, if any, may have been proximately caused by unforeseeable intervening acts of third parties over whom Defendant had no control nor right of control.

6. Plaintiffs named herein may not be the real party in interest to prosecute all or a portion of the claim in question.

7. Plaintiffs' damages, if any, are barred or limited by the provisions of C.R.S. § 13-21-102.5 (limitations on damages for non-economic loss or injury).

8. Plaintiffs' claims and damages may be limited by a setoff which Defendant is entitled to effect.

9. Plaintiffs' claims may be barred or limited by the collateral source rule of C.R.S. § 13-21-111.6.

10. Plaintiffs' claims may be substantially frivolous, groundless and vexatious, unreasonably necessitating the effort and expense of a defense by Defendant. Therefore, Defendant shall be entitled to reasonable attorney's fees in defense of said claims for relief pursuant to C.R.S. 1973 § 13-17-101, *et seq.*

11. Plaintiffs' claims are barred or limited, in whole or in part, by express terms, conditions, limitations, exclusions and disclaimers of the pertinent contract.

12. Plaintiffs' claims may be barred, in whole or in part, by the doctrines of accord and satisfaction, acquiescence, release, ratification, unclean hands, prevention of performance, waiver or estoppel.

13. Plaintiffs' claims may be barred in whole or in part by Plaintiff's failure to comply with conditions precedent.

14. Plaintiffs' claims may be barred, in whole or in part, by Plaintiffs' own breach of contract.

15. Plaintiff's claims may be barred, in whole or in part, by Plaintiffs' own bad faith.

16. Defendant expressly reserves all rights under the policy of insurance and, by this Answer, does not intend to waive any of those rights.

17. Defendant respectfully requests the right to amend this Answer in the future to include additional affirmative defenses as discovery reveals facts sufficient to support a well-grounded basis for such defenses.

WHEREFORE, having fully answered the Complaint and all claims for relief set forth therein, Defendant prays for judgment against Plaintiff and dismissal of all claims with prejudice. Further, Defendant prays for such costs and expenses as may be incurred in this action, for expert witness fees, and for such other relief as the Court deems proper.

A TRIAL TO A JURY OF SIX (6) PERSONS IS DEMANDED.

<u>Address of Defendant</u>:
10800 East Geddes Avenue, Suite 200
Englewood, CO  80112


DATED:  December 27, 2011

*Duly signed original held in the file located at
the offices of Walberg, Tucker & Holmes, P.C.*

By:  *Andrew A. Scott*
   Andrew A. Scott, Esq. #33782
   WALBERG, TUCKER & HOLMES, P.C.
   *Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing **ANSWER TO COMPLAINT AND JURY DEMAND** was FILED AND SERVED ELECTRONICALLY via LEXISNEXIS FILE AND SERVE, the duly signed original held in the file located at Walberg, Tucker & Holmes, P.C., on December 27, 2011, copies addressed to:

Richard M. Kaudy
The Kaudy Law Firm
1415 Laimer Street, Suite 300
Denver, CO 80202

Richard Eddington
Law Offices of Ralph A. Cantafio
345 Lincoln Avenue Suite 202
Steamboat Springs, CO 80487

*Bethany Detwiler*
Bethany Detwiler