IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-00007-WJM-KLM

RICHARD CARROLL, and
SHARON CARROLL,

    Plaintiffs,

v.

ALLSTATE FIRE AND CASUALTY INSURANCE COMPANY,

    Defendant.
_____

## MINUTE ORDER
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

    This matter is before the Court on Plaintiffs' **Motion to Relax Protective Order Regarding Claim Log Activity Notes and Report of Colossus Assessments for Richard and Sharon Carroll** [Docket No. 30; Filed November 5, 2012], Plaintiffs' **Second Motion to Relax Protective Order Regarding "Best Practices" Claims-Handling Standards and List of Training Courses Taken by Adjuster Palmer** [#32; Filed November 14, 2012], and Plaintiffs' **Motion to Compel Discovery of Colossus Manuals** [#34; Filed November 20, 2012] (collectively, "the Motions"). Plaintiffs represent that the Motions are opposed. Defendant has not filed a response to any of the Motions, though the deadlines to do so have not passed. Upon review of the Motions, the Court finds that they present discovery disputes that are subject to this Court's discovery dispute procedure.

    Pursuant to the Scheduling Order [#7] governing this case, the Motions are premature. *See Sched. Ord.* [#7] at 9, ¶ 8(d). The pertinent paragraph of the Scheduling Order provides as follows:

> No opposed discovery motions are to be filed with the Court until the parties comply with D.C.COLO.LCivR 7.1A. If the parties are unable to reach agreement on a discovery issue after conferring, they shall arrange a telephone hearing with Magistrate Judge Mix regarding the issue. **Both of these steps must be completed before any contested discovery motions are filed with the Court**.

*Sched. Order* [#7] at 9, ¶ 8(d) (emphasis added).

Plaintiff has not arranged a conference call to set a hearing regarding the instant discovery disputes.  Accordingly,

IT IS HEREBY **ORDERED** that the Motions [#30, #32 and #34] are **DENIED WITHOUT PREJUDICE**.

IT IS FURTHER **ORDERED** that neither party shall file a contested discovery motion until after complying with the steps for following the Magistrate Judge's discovery dispute procedure, as stated below:

*Step 1*: Counsel meaningfully confer regarding one or more discovery disputes pursuant to Local Rule 7.1A. Counsel may choose to confer about only one dispute at a time or several disputes at once. This decision is up to counsel, not the Court.

*Step 2*: If discovery disputes are not resolved, counsel then agree on a mutually convenient time to call the Court at (303) 335-2770 for a discovery hearing regarding all disputes about which they have fully conferred but failed to reach agreement.

No attorney can insist on contacting the Court for a discovery hearing at a time when another attorney is not available. If an attorney is not available for a conference call to the Court for a discovery hearing when contacted by opposing counsel, s/he must provide opposing counsel with alternate dates and times to contact the Court. This eliminates the possibility that one party will have an unfair advantage over another in preparation for a discovery hearing.

The Court is not responsible for assuring that multiple counsel for the same party are on the line for a telephone hearing. The Court requires only one attorney of record on the line for each party involved in the dispute. If counsel for a party want co-counsel for the same party to participate in the telephone hearing, they are responsible for ensuring that co-counsel are available to participate on the date and time chosen by them for the hearing.

The Court will not continue hearings based on the sudden unavailability of co-counsel for a party. As long as each party involved in the dispute is represented by at least one attorney of record, the hearing will proceed.

*Step 3*: When counsel call the Court for the discovery hearing, the judge's law clerks will ask counsel questions relating to the nature of the dispute. The law clerks will consult with the judge as necessary. If the judge determines that any documents are required for review prior to the hearing, counsel will be instructed to email such documents to the Court's chambers, and the hearing will be set at a mutually convenient date and time in the future.

*Step 4*: If no documents are necessary for review and the judge is immediately available, the call will be transferred to the courtroom and the hearing will be

conducted. If the judge determines that the matter is complex and briefing is required, the judge will set a briefing schedule. If the judge is not immediately available, the hearing will be set at a mutually convenient date and time in the future.

Dated:  November 21, 2012