IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-00007-WJM-KLM

RICHARD CARROLL, and
SHARON CARROLL,

    Plaintiffs,

v.

ALLSTATE FIRE AND CASUALTY INSURANCE COMPANY,

    Defendant.

_____

**ORDER**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on Defendant's **Motion to Amend Scheduling Order** [Docket No. 24; Filed October 16, 2012] (the "Motion"). Plaintiff has filed a **Response** [#26; Filed October 19, 2012] (the "Response") and Defendant has filed a **Reply** [#29; Filed November 5, 2012] (the "Reply"). Defendant seeks an extension of the expert witness deadlines, the discovery cut-off and the dispositive motions deadline. Regarding conferral, Defendant states that Plaintiffs initially agreed to extend the deadlines but subsequently withdrew their consent.

**I.     BACKGROUND**

This action arose from a motor vehicle collision between two vehicles on September 24, 2010 near Spanish Fork, Utah. *Scheduling Order (Undisputed Facts*) [#7] at 4. Plaintiffs Richard and Sharon Carroll were in one vehicle, Richard as the driver and Sharon as the passenger, and Hector Guillen was in the second. *Id.* The collision was a result of Mr. Guillen's negligence and Plaintiffs were not responsible. *Id.* Mr. Guillen and Plaintiffs

were both insured by Defendant. *Id.* Plaintiffs assert that they settled their third-party claims against Mr. Guillen for the policy limits. *Complaint* [#2] at 2-3. In this action, Plaintiffs are seeking payment from Defendant pursuant to their underinsured motorist policy. *Id.* at 3. Plaintiffs allege that Defendant's failure to pay Plaintiffs their covered benefits is a breach of the insurance contract and the covenant of good faith and fair dealing. *Id.* at 5.

## II.  ANALYSIS

Defendant contends in the Motion that Plaintiffs filed this action before the claims adjusting process could be completed. [#24] at 3. Defendant asserts that Plaintiffs continue to receive treatment for injuries alleged to have been caused by the collision at issue and, as a result, Defendant has not completed its evaluation of Plaintiffs' claims for insurance benefits. *Id.* Defendant argues that "the ongoing and incomplete nature of the factual discovery in this matter" is making it difficult to complete depositions and provide expert witness disclosures. *Id.* at 4-5. Defendant requests, therefore, an extension of approximately 90 days for the designation of affirmative and rebuttal expert witnesses, an extension of approximately 70 days for the discovery cut-off, and an extension of approximately 60 days for the dispositive motion deadline.

Plaintiffs assert in the Response that they agree in part but disagree in part with Defendant's request. [#26] at 1. Upon review of the Response, it appears Plaintiffs essentially agree with Defendant's requested extensions. Plaintiffs propose extending all disclosure and discovery deadlines in light of Defendant's concerns about the uncertainty of Plaintiffs' medical and economic losses. [#26] at 7. The only disagreements the Court can discern are that Plaintiffs also request that the final pretrial conference be postponed

by 60 days and "that all non-expert discovery be concluded at least 15 days before any expert disclosures are due so that all experts can have the same non-expert information to review and rely upon." [#26] at 11.

Defendant states in the Reply that it does not oppose a postponement of the final pretrial conference. Defendant does not address the request that all non-expert discovery be concluded before any expert disclosures are due.

Scheduling order deadlines "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b). To demonstrate good cause pursuant to Rule 16, the moving party must "show that it has been diligent in attempting to meet the deadlines, which means it must provide an adequate explanation for any delay." *Minter v. Prime Equip. Co.*, 451 F3d 1196, 1205 n.4 (10th Cir. 2006).

The Court finds that Defendant has shown good cause to modify the Scheduling Order as requested. In light of Plaintiffs' continuing treatment for their injuries, discovery is ongoing. Thus, extension of the discovery deadlines is warranted. Moreover, Plaintiffs do not appear to oppose the extensions.[1] Accordingly,

IT IS HEREBY **ORDERED** that the Motion [#24] is **GRANTED**. The Scheduling Order entered on March 5, 2012 [#7] is modified to extend the following deadlines:

- Affirmative Expert Designation Deadline             **January 8, 2013**
- Rebuttal Expert Designation Deadline                **February 15, 2013**

---

[1] Regarding Plaintiffs' request that all non-expert discovery be concluded at least 15 days before any expert disclosures are due, the Court will not impose that requirement. If as a result of incomplete discovery Plaintiffs need additional time to provide expert disclosures, they may seek a further extension at the appropriate time.

- Discovery Cut-off **February 25, 2013**

- Dispositive Motion Deadline **March 25, 2013**

IT IS FURTHER **ORDERED** that the Final Pretrial Conference set for April 29, 2013 at 9:30 a.m. is **VACATED** and **RESET** to **June 27, 2013** at 10:00 a.m. in Courtroom C-204, Second Floor, Byron G. Rogers United States Courthouse, 1929 Stout Street, Denver, Colorado.

IT IS FURTHER **ORDERED** that the proposed pretrial order shall be submitted on or before **June 20, 2013**. The proposed pretrial order to be submitted to the Magistrate Judge under the ECF Procedures may be submitted in WordPerfect or pdf format and shall be emailed to the Magistrate Judge at *Mix_Chambers@cod.uscourts.gov.*

Attorneys and/or pro se parties not participating in ECF shall submit their proposed pretrial order on paper to the Clerk's Office. However, if any party in this case is participating in ECF, it is the responsibility of that party to submit the proposed pretrial order pursuant to the District of Colorado ECF Procedures.

**The parties shall prepare the proposed pretrial order in accordance with the form which may be downloaded in richtext format from the forms section of the court's website at http://www.cod.uscourts.gov/Home.aspx. Instructions for downloading in richtext format are posted in the forms section of the website.**

Dated: November 29, 2012

BY THE COURT:

Kristen L. Mix
United States Magistrate Judge