IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-00007-WJM-KLM

RICHARD CARROLL, and
SHARON CARROLL,

    Plaintiffs,

v.

ALLSTATE FIRE AND CASUALTY INSURANCE COMPANY,

    Defendant.

_____

**ORDER**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

    This matter is before the Court on Defendant's **Motion to Amend the Scheduling Order** [Docket No. 54; Filed April 12, 2013] (the "Motion"). On February 12, 2013, Defendant filed a Notice of Supplemental Facts in Support of Defendant's Third Motion to Amend the Scheduling Order (ECF No. 54) [#56], offering additional factual support for the Motion. Plaintiffs have filed no response to the Motion.[1] In the Motion Defendant requests that its rebuttal expert designations deadline be extended from April 15, 2013 to May 15, 2013 and the discovery deadline be extended from May 1, 2013 to July 1, 2013.

    The Court may modify its scheduling orders upon a showing of good cause. *See* Fed. R. Civ. P. 16(b)(4); D.C.COLO.LCivR 16.1. "Good cause means that scheduling deadlines cannot be met despite a party's diligent efforts." *Street v. Curry Board of County*

---

[1] The time to respond to the Motion has not run, but pursuant to D.C.COLO.LCivR 7.1(c), the Court may rule on a motion at any time after it is filed. D.C.COLO.LCivR 7.1(c) ("Nothing in this rule precludes a judicial officer from ruling on a motion at any time after it is filed.").

*Com'rs*, No. CIV 06-0776 JB/KBM, 2008 WL 2397671, at *6 (10th Cir. Jan. 30, 2008). Whether to modify a scheduling order "to extend or reopen discovery is committed to the sound discretion" of the Court. *Smith v. United States*, 834 F.2d 166, 169 (10th Cir. 1987).

When exercising its discretion, the Court considers the following factors: (1) whether trial is imminent; (2) whether the request to reopen or extend discovery is opposed; (3) whether the non-moving party would be prejudiced; (4) whether the moving party was diligent in obtaining discovery within the guidelines established by the Court; (5) the foreseeability of the need for additional discovery in light of the time allowed for discovery by the Court; and (6) the likelihood that the discovery will lead to relevant evidence. *Id*. (citations omitted). With regard to the fourth factor, the Tenth Circuit has explained that "[d]emonstrating good cause under [Rule 16(b)(4)] 'requires the moving party to show that it has been diligent in attempting to meet the deadlines, which means it must provide an adequate explanation for any delay.'" *Strope v. Collins*, 315 F. App'x 57, 61 (10th Cir. 2009) (quoting *Moothart v. Bell*, 21 F.3d 1499, 1504 (10th Cir.1994)).

Applying the *Smith* factors, the Court finds that modifying the Scheduling Order is appropriate. First, no trial date has been set. With regard to the second *Smith* factor, Defendant states that Plaintiffs oppose the Motion but Plaintiffs have not filed a response to the Motion stating the basis for their opposition. Third, the Court finds that Plaintiffs will not be prejudiced by the extensions requested in the Motion. As Defendants argue, all parties remain engaged in discovery with Plaintiffs producing additional documents even after the Motion was filed on April 12, 2013. *See Notice of Supp. Facts* [#56] at 1. In addition, "[t]he parties are likely to complete over 10 depositions before discovery is complete and are already proposing dates beyond discovery cutoff for some of those

depositions due to constraints imposed by the schedules of witnesses and counsel." *Motion* [#54] at 10. Fourth, there is no evidence that Defendant was not diligent in obtaining discovery and the facts alleged by Defendant in the Motion indicate that Defendant has worked hard to complete a great deal of discovery to date in this matter. With regard to the final two *Smith* factors, the parties continue to engage in expert discovery and Defendant continues to seek medical records relating to Plaintiffs' allegations. This discovery is likely to lead to relevant evidence and Defendant could not have anticipated the many delays that have kept this information from being discovered to date.

Furthermore, and perhaps most importantly, justice favors allowing a claim to be tried on its merits. The Court is obligated to manage the case effectively and within the scope of the federal and local rules, with the purpose of facilitating the parties' presentation of a thoroughly prepared case before the District Court. Here, this requires an extension of the discovery deadlines. Accordingly,

IT IS HEREBY **ORDERED** that the Motion [#54] is **GRANTED**. The Scheduling Order entered on March 5, 2012 [#7], and modified on November 29, 2012 [#37] and February 14, 2013 [#49], is further modified to extend the following deadlines:

- Rebuttal Expert Designation Deadline            **May 15, 2013**
- Discovery Cut-off                                **July 1, 2013**
- Dispositive Motion Deadline                      **August 1, 2013**

IT IS FURTHER **ORDERED** that the Final Pretrial Conference set for June 27, 2013 at 10:00 a.m. is **VACATED** and **RESET** for to **September 3, 2013** at **11:00 a.m.** in Courtroom C-204, Second Floor, Byron G. Rogers United States Courthouse, 1929 Stout

Street, Denver, Colorado.

IT IS FURTHER **ORDERED** that the proposed pretrial order shall be submitted on or before **August 27, 2013**. The proposed pretrial order to be submitted to the Magistrate Judge under the ECF Procedures may be submitted in WordPerfect or pdf format and shall be emailed to the Magistrate Judge at *Mix_Chambers@cod.uscourts.gov*.

Attorneys and/or pro se parties not participating in ECF shall submit their proposed pretrial order on paper to the Clerk's Office. However, if any party in this case is participating in ECF, it is the responsibility of that party to submit the proposed pretrial order pursuant to the District of Colorado ECF Procedures.

**The parties shall prepare the proposed pretrial order in accordance with the form which may be downloaded from the Forms section of the court's website at http://www.cod.uscourts.gov/Home.aspx.**

Dated: April 23, 2013

BY THE COURT:

Kristen L. Mix
United States Magistrate Judge