IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-00007-WJM-KLM

RICHARD CARROLL, and
SHARON CARROLL,

    Plaintiffs,

v.

ALLSTATE FIRE AND CASUALTY INSURANCE COMPANY,

    Defendant.
_____

**ORDER**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

    This matter is before the Court on Defendant's **Motion to Strike Plaintiffs' Purported Rebuttal Experts** [Docket No. 76; Filed June 5, 2013] (the "Motion to Strike") and **Plaintiffs' First Motion to Modify or Amend Scheduling Order** [#79; Filed June 6, 2013] (the "Motion to Amend" and, collectively with the Motion to Strike, the "Motions"). The Motions are referred to this Court for disposition [##77, 80]. On June 17, 2013, Plaintiffs filed a Response to the Motion to Strike [#83]. On July 1, 2013, Defendant filed a Response to the Motion to Amend [#88]. On July 3, 2013, Defendant filed a Reply in support of its Motion to Strike [#89] and Plaintiffs filed a Reply in support of their Motion to Amend [#90]. The Motions are now fully briefed and ripe for resolution. The Court has reviewed the Motions, the Responses, the Replies, the entire docket, and the applicable law, and is sufficiently advised in the premises. For the reasons set forth below, the Motion to Strike [#76] is **GRANTED in part** and the Motion to Amend [#79] is **DENIED**.

## I. Background

This action arose from a motor vehicle collision between two vehicles on September 24, 2010 near Spanish Fork, Utah. *Sched. Order (Undisputed Facts)* [#7] at § 4. Plaintiffs Richard and Sharon Carroll were in one vehicle, Richard as the driver and Sharon as the passenger, and Hector Guillen was in the second vehicle. *Id.* The collision was a result of Mr. Guillen's negligence. *Id.* Mr. Guillen and Plaintiffs were both insured by Defendant. *Id.* Plaintiffs assert that they settled their third-party claims against Mr. Guillen for the policy limits. *Compl.* [#2] at 2-3. In this action, Plaintiffs are seeking payment of their underinsured motorist benefits from Defendant. *Id.* at 3. Plaintiffs allege that Defendant's failure to pay Plaintiffs their covered benefits is a breach of the insurance contract, *id.* at 4, and the covenant of good faith and fair dealing. *Id.* at 5.

In the Motion to Strike [#76], Defendant argues that all rebuttal experts designated by Plaintiffs "are impermissible sur-rebuttal experts." *Motion to Strike* [#76] at 5. Defendant claims that because Defendant did not designate any affirmative experts, "there are no affirmative [defense] experts . . . for these purported rebuttal experts to rebut . . ." *Id.* Defendant further argues that Plaintiffs violated the Scheduling Order [#7] by designating Mr. Opp and Mr. Cadorette to testify on the same topic—Plaintiffs' lost income. *Motion to Strike* [#76] at 4; *see also Sched. Order* [#7] at 10 ("The parties agree that they shall be limited to no more than 1 retained expert witness per field per party[.]"). In their Response to the Motion to Strike [#83], Plaintiffs fail to articulate any legal basis to support their general position that they "have complied with the Scheduling Order . . . [t]he Scheduling Order does not preclude [Plaintiffs] from eliciting rebuttal testimony, only that the rebuttal testimony be disclosed timely." *Resp. to Motion to Strike* [#83] at 4. In its Reply to the

Motion to Strike [#89], Defendant further argues that Plaintiffs' purported rebuttal experts are actually sur-rebuttal experts who are not permitted pursuant to Fed. R. Civ. P. 26(a)(2). *Reply to Motion to Strike* [#89] at 2 (quoting *Rothenberg v. Standard Ins. Co.*, No. 11-cv-01906-WYD-KMT, 2012 WL 2126846, at *2 (D. Colo. June 12, 2012)).  Defendant also notes that the proposed Scheduling Order included language allowing sur-rebuttal experts which was stricken by the Court. *Id.* at 3.  Finally, Defendant claims that Plaintiffs should have to choose either Mr. Cadorette or Mr. Opp to provide expert testimony regarding Plaintiffs' lost income and, if Mr. Cadorette is chosen, Defendant requests "attorneys fees and costs incurred by [Defendant] in taking Mr. Opp's January 14, 2013 deposition." *Id.* at 4.

Plaintiffs filed the Motion to Amend [#79], at least in part, in response to the Motion to Strike [#76]. *See Motion to Amend* [#79] at 2 ("counsel has acted within 24 hours of the issue being raised, e.g., contention that the Scheduling Order prohibits [Plaintiffs] from eliciting rebuttal expert testimony.").  As an initial matter, the Court notes that the Motion to Amend [#79] is strikingly similar to Plaintiffs' Response to the Motion to Strike [#83]. It appears that Plaintiffs merely added a few paragraphs and slightly edited the final paragraph of the Response to the Motion to Strike [#83] when drafting their Motion to Amend [#79].  While it is sensible for parties to conserve money by recycling portions of prior filings when appropriate, the Court takes issue with the lack of legal support and analysis in both pleadings.[1]  The Motion to Amend [#79] offers three paragraphs that

---

[1] In its Response to the Motion to Amend [#88], Defendant points out that Plaintiffs' citation to *Armstrong v. I-Behavior Inc.*, No. 11-cv-03340-WJM-BNB, 2013 WL 2419794 (D. Colo. June 3, 2013), did not include a pincite, and therefore, violated Judge Martinez's Practice Standards. *Resp. to Motion to Amend* [#88] at 7 n.3.  Defendant is correct.  Plaintiffs have twice had pleadings

3

include some legal analysis or argument, while the remainder provide factual background. *See Motion to Amend* [#79] at 2-5. Most importantly, while the Motion to Amend asks the Court to amend the Scheduling Order [#7] entered in this case, Plaintiffs entirely fail to mention, let alone analyze, the standard for modifying a scheduling order. *See generally id.* In its Response to the Motion to Amend [#88], Defendant makes three arguments: (1) sur-rebuttal experts are not permitted; (2) Plaintiffs fail to show good cause to modify the Scheduling Order [#7]; and (3) if the Motion to Amend is actually a motion for reconsideration, it fails to meet the standard articulated by Fed. R. Civ. P. 60(b). *Resp. to Motion to Amend* [#88] at 4-8. Plaintiffs' Reply to the Motion to Amend [#90] is Plaintiffs' first introduction of the factors the Court should take into account when considering a request to amend a scheduling order, though Plaintiffs fail to provide a citation to any authority relating to those factors. *See Reply to Motion to Amend* [#90] at 2-3. In this pleading, Plaintiffs also *for the first time* address the four factors the Court considers on a motion to strike expert testimony, *see id.* 5-6, factors which Plaintiffs entirely fail to address in their Response to the Motion to Strike [#83]. *See generally Resp. to Motion to Strike* [#83].

The Scheduling Order [#7] has been modified four times in this matter at the request of the parties. *See Orders* [##37, 49, 60, 84]. Further, the Scheduling Order [#7] reflects that the parties initially proposed that their rebuttal expert disclosure deadlines be

---

stricken in this action for failure to comply with Judge Martinez's Practice Standards. *See Orders* [##73, 75]. Plaintiffs are hereby warned for the final time that all filings must comply with the Federal Rules of Civil Procedure, the Local Rules of this Court, Judge Martinez's Practice Standards, and the undersigned's Practice Standards. Any pleadings filed in this action that are found to be noncompliant will be stricken.

4

staggered so that Defendant's rebuttal experts would be disclosed one month prior to Plaintiffs' rebuttal experts. *See Sched. Order* [#7] at § 9(d)(4). However, the Scheduling Order further reflects that during the March 5, 2012 Scheduling Conference, the Court modified the parties' proposed Scheduling Order to eliminate this staggered approach to disclosure and, instead, set the deadline for both sides to disclose rebuttal experts on the same date. *See id.*

## II. Standard of Review

### A. Standard for Striking Expert Report

Rule 26(a) requires a party to disclose the identity of any expert witness it may use at trial. Fed. R. Civ. P. 26(a)(2)(A). A party must make this disclosure "at the times and in the sequence that the court orders." *Id.* 26(a)(2)(D). As is the case here, the court most often sets forth the time and sequence for disclosing experts in a scheduling order. *See generally Sched. Order* [#7]; *see also* Fed. R. Civ. P. 16(b)(1). If the expert testimony is intended solely to contradict or rebut evidence on the same subject matter identified by the opposing party pursuant to Rule 26, the evidence should be disclosed within thirty days after the other party's disclosure, absent a court order or stipulation. Fed. R. Civ. P. 26(a)(2)(D)(ii). Here, the governing Scheduling Order [#7], as amended, set May 15, 2013 as the deadline for rebuttal expert disclosures. *See Order* [#60] at 3.

While Fed. R. Civ. P. 26(a)(2)(d) governs the timing of expert report disclosures, Rule 37(c)(1) provides that failure to comply with Rule 26(a) precludes the use of the expert information at issue "to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." *Summers v. Mo. Pac. R.R. Sys.*, 132 F.3d 599, 604 (10th Cir. 1997); *but see, Jacobsen v. Deseret Book Co.*, 287 F.3d 936, 952 (10th

5

Cir. 2002) ("Rule 37(c) permits a district court to refuse to strike expert reports and allow expert testimony even when the expert report violates Rule 26(a) if the violation is justified or harmless."). The court may also issue additional sanctions. *See* Fed. R. Civ. P. 37(c).

"The determination of whether a Rule 26(a) violation is justified or harmless is entrusted to the broad discretion of the district court." *Woodworker's Supply, Inc. v. Principal Mut. Life Ins. Co.*, 170 F.3d 985, 993 (10th Cir.1999) (quoting *Mid-Am. Tablewares, Inc. v. Moqi Trading Co.*, 100 F.3d 1353, 1363 (7th Cir. 1996)). "A district court need not make explicit findings concerning the existence of a substantial justification or the harmlessness of a failure to disclose." *Id.* (citing *United States v. $9,041,598.68*, 163 F.3d 238, 252 (5th Cir. 1998)). However, the Tenth Circuit has enumerated four factors the Court should use to guide its discretion in determining whether a Fed. R. Civ. P. 26(a) violation is substantially justified or harmless: "(1) the prejudice or surprise to the party against whom the testimony is offered; (2) the ability of the party to cure the prejudice; (3) the extent to which introducing such testimony would disrupt the trial; and (4) the moving party's bad faith or willfulness." *Id.* (citations omitted). The non-moving party has the burden of showing that it was substantially justified in failing to comply with Fed. R. Civ. P. 26(a) and that such failure was harmless. *See Sender v. Mann*, 225 F.R.D. 645, 655 (D. Colo. 2004) (citation omitted). Therefore, assuming, *arguendo*, that Plaintiffs' purported rebuttal expert designations violate Rule 26(a) and that Plaintiffs violated the Scheduling Order [#7] by designating two experts to address one topic, the Court may nonetheless decline to strike the expert reports if the violations were substantially justified or harmless. In analyzing these factors, the Court notes that the Tenth Circuit has stated that "the decision to exclude evidence is a drastic sanction." *Summers*, 132 F.3d at 604.

**B.    Motion to Amend**

   **1.    Standard for Modifying Scheduling Order**

As an initial matter, numerous courts have noted, and the undersigned agrees, that a "Scheduling Order is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril." *Washington v. Arapahoe Cnty. Dep't of Soc. Servs.*, 197 F.R.D. 439, 441 (D. Colo. 2000) (citations omitted).  Scheduling order deadlines "may be modified only for good cause and with the judge's consent."  Fed. R. Civ. P. 16(b).

> Rule 16(b) does not focus on the bad faith of the movant, or the prejudice to the opposing party.  Rather, it focuses on the diligence of the party seeking leave to modify the scheduling order to permit the proposed amendment.  Properly construed, "good cause" means that scheduling deadlines cannot be met despite a party's diligent efforts. . . . Carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief.

*Colo. Visionary Acad. v. Medtronic, Inc.,* 194 F.R.D. 684, 687 (D. Colo. 2000) (internal quotation and citation omitted); accord *Summers*, 132 F.3d at 604 (holding that "total inflexibility is undesirable" in the context of a motion to adopt a new scheduling order).

The decision to modify the Scheduling Order "is committed to the sound discretion of the trial court."  *Smith v. United States*, 834 F.2d 166, 169 (10th Cir. 1987); *see also Benton v. Avedon Eng'g, Inc.,* No. 10-cv-01899-RBJ-KLM, 2013 WL 1751886, at *1 (D. Colo. April 23, 2013).  When exercising its discretion, the Court considers the following factors: (1) whether trial is imminent; (2) whether the request to reopen or extend discovery is opposed; (3) whether the non-moving party would be prejudiced; (4) whether the moving party was diligent in obtaining discovery within the guidelines established by the Court; (5) the foreseeability of the need for additional discovery in light of the time allowed for discovery by the Court; and (6) the likelihood that the discovery will lead to relevant

evidence.  *Id.* (citations omitted).  With regard to the fourth factor, the Tenth Circuit has explained that "[d]emonstrating good cause under [Rule 16(b)(4)] 'requires the moving party to show that it has been diligent in attempting to meet the deadlines, which means it must provide an adequate explanation for any delay.'"  *Strope v. Collins*, 315 F. App'x 57, 61 (10th Cir. 2009) (quoting *Moothart v. Bell*, 21 F.3d 1499, 1504 (10th Cir. 1994)).  While "the [Scheduling Order] defines a lawsuit's boundaries in the trial court and on appeal, 'total inflexibility is undesirable.'"  *Summers,* 132 F.3d at 604 (citations omitted).  However, the Court notes that a scheduling order plays an important role in the management of a case and should not be unnecessarily amended.  *Cf. Washington v. Arapahoe Cnty. Dep't of Soc. Servs.,* 197 F.R.D. at 441 (noting that a "scheduling order is an important tool necessary for the orderly preparation of a case for trial").  *See also Rent–a–Center, Inc. v. 47 Mamaroneck Ave. Corp.,* 215 F.R.D. 100, 101 (S.D.N.Y.2003) ("scheduling orders are designed to offer a degree of certainty in pretrial proceedings, ensuring that at some point both the parties and the pleadings will be fixed and the case will proceed").

    **2.**    **Standard for Reconsideration Pursuant to Fed. R. Civ. P. 60**

"Rule 60(b) relief is extraordinary and may be granted only in exceptional circumstances."  *Butler v. Kempthorne*, 532 F.3d 1108, 1110 (10th Cir. 2008) (quoting *Beugler v. Burlington N. & Santa Fe Ry. Co.*, 490 F.3d 1224, 1229 (10th Cir. 2007)).  A litigant shows exceptional circumstances by satisfying one or more of the grounds for relief enumerated in Rule 60(b).  *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991).  Pursuant to Rule 60(b), in the following circumstances, the Court may grant relief from an order:

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud . . ., misrepresentation, or misconduct by an opposing party; . . . or
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

### III.  Analysis

**A.     Motion to Strike**

    **1.     Plaintiffs' Purported Rebuttal Experts**

The Court first examines whether Rule 37(c) applies. "To decide whether Rule 37(c) applies, [the Court] must first assess whether Plaintiff[s] violated Rule 26(a)(2)(D)" by disclosing their purported rebuttal experts on April 15, 2013. *Rehberg*, 281 F.R.D. at 623; *see also Resp. to Motion to Strike* [#83] ("[Plaintiffs] disclosed by April 15, 2013, rebuttal experts to [sic] in limited areas solely to contradict or rebut evidence on the same subject matter identified by [Defendant's] experts."). Here, "[t]he crucial Rule 26(a)(2)(D) inquiry . . . is not one of timing but of classification." *Rehberg*, 281 F.R.D. at 624.

A witness designated as a rebuttal expert witness, is a witness "intended solely to contradict or rebut evidence on the same subject matter identified by an initial expert witness." *Lindner v. Meadow Gold Dairies, Inc.*, 249 F.R.D. 625, 636 (D. Hawaii 2008) (holding that individuals designated only as rebuttal experts could present limited testimony, could not testify as part of a party's case-in-chief, and would not be allowed to testify "unless and until" the experts they were designated to rebut testified at trial); *Marmo v. Tyson Fresh Meats, Inc.*, 457 F.3d 749, 759 (8th Cir. 2006) ("The function of rebuttal testimony is to explain, repel, counteract or disprove evidence of the adverse party.")

(citation omitted); *Johnson v. Grays Harbor Cmty. Hosp.*, No. C06-5502BHS, 2007 WL 4510313, at *2 (W.D. Wash. Dec. 18, 2007) (finding that experts designated as rebuttal witnesses would "be permitted only to offer rebuttal testimony at trial"); *see also* Fed. R. Civ. P. 26(a)(2)(C)(ii). "It is irrelevant through which expert witness that evidence is elicited; that it actually *be elicited* in the course of [the opposing parties'] case-in-chief is the determining factor in the context of the admissibility analysis." *Id.*

Here, Defendant did not designate any affirmative expert witnesses. *Motion to Strike* [#76] at 5. As a result, Plaintiffs' purported rebuttal experts cannot possibly be offering evidence to rebut any affirmative expert witnesses. In addition, Plaintiffs admit that their rebuttal experts are designated "to contradict or rebut evidence on the same subject matter identified by [Defendant's] experts." *Resp. to Motion to Strike* [#83] at 2. If Plaintiffs' purported rebuttal experts are intended to rebut the testimony of Defendant's rebuttal experts, Plaintiffs' purported rebuttal experts must properly be classified as sur-rebuttal experts. Simply because Defendant disclosed its purported rebuttal experts prior to the deadline for disclosure of rebuttal experts, does not mean that Plaintiffs may disclose sur-rebuttal experts who are intended to rebut the testimony of Defendant's rebuttal experts. Contrary to Plaintiffs' position, such individuals are not properly classified as rebuttal experts.[2]

---

[2] The Court notes that three of Plaintiffs' purported rebuttal experts, Gary Fye, Dr. Raymond Kim, and Dr. Erasmus Morfe, were also disclosed by Plaintiffs as affirmative expert witnesses. Whether Plaintiffs' disclosure of allegedly rebuttal testimony by Mr. Fye could be classified as an untimely supplemental disclosure of an affirmative expert witness is unclear from the pleadings. However, Plaintiffs['] Rebuttal F.R.C.P. 26(A)(2) Expert Disclosures, dated November 20, 2012 [#83-2], make clear that Mr. Fye "is expected to testify in rebuttal . . ." *See Resp. to Motion to Strike, Ex. 2* [83-2] at 1; *see also Resp. to Motion to Strike, Ex. 7* [#83-7] (Plaintiffs['] First Supplemental Rebuttal F.R.C.P. 26(A)(2) Disclosures which state "[Mr. Fye] is a previously disclosed retained expert and it expected to testify in rebuttal as previously summarized . . ."). As

10

Sur-reply expert disclosures are not anticipated by the Federal Rules of Civil Procedure, this Court's Local Rules, or the Scheduling Order [#7]. Further, as Judge Tafoya made clear in *Rothenberg*, "Federal Rule 26(a)(2) permits affirmative expert disclosures and rebuttal expert disclosures; it does not permit parties to further rebut rebuttal expert disclosures." *Rothenberg*, 2012 WL 2126846, at *2 (citing Fed. R. Civ. P. 26(a)(2)(A).[3] Therefore, the Court finds that Plaintiffs' designation of sur-reply experts was

---

a result, Mr. Fye's purported rebuttal testimony is, like the other purported rebuttal experts, actually sur-rebuttal testimony. With regards to Dr. Kim and Dr. Morfe, Plaintiffs' disclosure of rebuttal witnesses does not identify the testimony that they are expected to rebut. *See Resp. to Motion to Strike, Ex. 2* [#83-2] (Plaintiffs['] Rebuttal F.R.C.P. 26(A)(2) Disclosures) at 2. However, like Mr. Frye and Plaintiffs' other purported rebuttal experts, any such rebuttal testimony would be classified as sur-rebuttal testimony.

[3] In their Reply to the Motion to Amend [#90], Plaintiffs argue that "Magistrate [Judge] Hegarty within the same district reached the opposite conclusion in *GE Prolec Transformers, Inc. v. N. Am. Substation LLC* . . . authorizing plaintiffs to file sur-rebuttal expert reports when a trial date has been scheduled." *Reply to Motion to Amend* [#90] at 4. Plaintiffs' summary of *GE Prolec* is misleading. In that case Judge Hegarty was faced with the question of whether a rebuttal expert opinion was actually an untimely affirmative expert opinion. *See GE Prolec Transformers, Inc. v. N. Am. Substation, L.L.C.*, No. 10-cv-01746-REB-MEH, 2011 WL 3159097, at *2 (D. Colo July 25, 2011). He found that designation of the expert as a rebuttal expert was harmless. However, because he was concerned about prejudice to the opposing side who was left in a position of having no opportunity to rebut what appeared to be an affirmative expert, Judge Hegarty did not disturb the designation of the rebuttal expert but allowed the opposing party to designate an expert to rebut that expert. *Id.* at *3. Here, in stark contrast, Plaintiffs are asking this Court to allow them to designate affirmative experts and sur-rebuttal experts. They either seek to have the last word with regard to every topic upon which a party has designated any expert, or seek to enlarge discovery to the extent that the Court would then have to allow Defendant the opportunity to designate sur-sur-rebuttal experts. The other cases cited by Plaintiffs are similarly distinguishable. *See S.W. v. City of New York*, No. CV 2009-1777, 2011 WL 3038776, at *4 (E.D.N.Y. July 25, 2011) (granting opportunity to file sur-rebuttal expert report in situation in which expert reports "should have been included in their initial reports" but were instead designated as rebuttal expert reports); *Buhr Bros., Inc. v. Michaelis*, No. CIV 12-3014, 2013 WL 1501571, at *4 (D.S.D. April 11, 2013) (holding that rebuttal expert testimony "is to be limited to rebuttal of [opposing party's expert's] opinions" and setting a status conference to address the potential need for sur-rebuttal expert testimony); *Smetzer v. Newton*, No. 1:10-CV-93, 2012 WL 2064507, at *2 (N.D. Ind. June 7, 2012) (allowing rebuttal expert designation when the scheduling order did not include a deadline for designation of rebuttal experts); *see generally Cason-Merenda v. Detroit Med. Center*, No. 06-15601, 2013 WL 1721651 (E.D. Mich. April 22, 2013) (analyzing admissibility of affirmative expert's rebuttal report which modified some of his original findings after he reviewed opposing party's rebuttal expert reports).

improper and in violation of Rule 26(a).

### 2. Defendant's Alternative Argument Regarding Mr. Cadorette

In addition, Defendant argues that, as an alternative to finding that Plaintiffs' designation of Paul L. Cadorette as a rebuttal expert regarding Plaintiffs' purported lost income was an improper sur-rebuttal designation, the Court should find that designation of Mr. Cadorette on April 15, 2013 was "in fact, an untimely affirmative expert disclosure" because Plaintiffs bear the burden of proof on the issue of Plaintiffs' lost income. *Motion to Strike* [#76] at 9-10; *see also Motion to Strike, Ex. B* [#76-2] (Plaintiffs['] First Supplemental Rebuttal F.R.C.P. 26(A)(2) Disclosures dated April 15, 2013, which designate Mr. Cadorette as a rebuttal expert). Defendant further argues:

> Permitting Mr. Cadorette to provide [a] late-disclosed affirmative expert opinion would prejudice [Defendant], in that [Defendant] would need to take Mr. Cadorette's deposition, having already incurred the cost and expense of deposing Mr. Opp, who was disclosed as Plaintiffs' lost income expert on January 8, 2013, and whose deposition took place on January 14, 2013."

*Id.* at 10; *see also Motion to Strike, Ex. C* [#76-3] at 2 (Plaintiffs['] Third Supplemental F.R.C.P. 26(A)(2) Expert Disclosures stating "Mr. Opp is expected to testify that [Plaintiffs] sustained economic losses . . ."). Because Mr. Cadorette, like Plaintiffs' other purported rebuttal experts is, in reality, an improper sur-reply expert, the Court need not address Defendant's alternative argument regarding Mr. Cadorette.

### 3. Plaintiffs' Failure to Comply with Rule 26 Was Not Substantially Justified or Harmless

As discussed above, Rule 37(c)(1) provides that failure to comply with Rule 26(a) precludes the use of the expert information at issue "to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." *Summers*,

132 F.3d at 604. The Court considers the following four factors in determining whether Plaintiff's violation of Fed. R. Civ. P. 26(a) was substantially justified or harmless: "(1) the prejudice or surprise to the party against whom the testimony is offered; (2) the ability of the party to cure the prejudice; (3) the extent to which introducing such testimony would disrupt the trial; and (4) the moving party's bad faith or willfulness." *Woodworker's Supply, Inc.*, 170 F.3d at 993.[4] In evaluating these factors, the Court is mindful that Plaintiffs have the burden of showing that they were substantially justified in failing to comply with Fed. R. Civ. P. 26(a) and that such failure was harmless. *See Sender*, 225 F.R.D. at 655 (citation omitted).

Regarding the first factor, the Court finds that Plaintiffs' designation of sur-rebuttal experts constituted an unfair surprise to Defendant which was prejudicial to Defendant. Defendant could not have anticipated such designation because it was not anticipated by the Scheduling Order [#7], the Federal Rules of Civil Procedure, or the Local Rules of this Court. Further, with regard to the second factor, this violation of Rule 26 cannot be cured

---

[4] The Court notes that in the pleadings related to the Motion to Strike, neither party mentions nor offers argument regarding the "substantially justified or harmless" standard articulated in Fed. R. Civ. P. 26(a)(2)(D). However, Defendant offers some argument about the prejudice they will suffer if Plaintiffs' sur-rebuttal expert designations are allowed. *See Motion to Strike* [#76] at 11 (discussing possibility of duplication of costs incurred regarding experts designated to discuss Plaintiffs' alleged lost income); *Resp. to Motion to Amend* [#88] at 1 ("[Defendant] would be prejudiced by such modification [of the Scheduling Order] because it would have to incur the cost and effort of its own rebuttal experts submitting 'sur-sur-rebuttal' opinions . . ."). Defendant also argues that it has been prejudiced by Plaintiffs' actions throughout the course of this litigation. *See Reply to Motion to Strike* [#89] at 4 (discussing increased costs of litigation generally due to Plaintiffs' actions throughout the course of the litigation). The Court will consider these arguments as part of its analysis. In their Reply to the Motion to Amend [#90] Plaintiffs mention the four factors outlined in *Woodworker's Supply*. *See Reply to Motion to Amend* [#90] at 5-6 (citing *Summers v. Missouri Pacific Railroad System* as "set[ting] out four factors to guide the [C]ourt's discretion in deciding whether to strike such experts . . ."). Offering argument in a reply brief that relates to a different motion pending before the Court is improper. Nevertheless, in the interest of justice, the Court will consider the arguments offered by Plaintiffs regarding these factors.

because expert disclosures have already been completed and allowing Defendant to designate sur-sur-rebuttal experts would significantly increase the costs of this litigation. With regard to the third factor, the Court notes that discovery is on-going and a trial date has not yet been set.  Finally, with regard to the fourth factor, Plaintiffs argue that they "have not willfully or in bad faith violated the Scheduling Order [but that they] have interpreted the Order to promote the spirit and intent of Fed.R.Civ.P. 1 . . ." *Reply to Motion to Amend* [#90] at 6.  In contrast, Defendant argues that Plaintiffs' "repeated rules violations [in this case] have needlessly driven up the cost of this litigation . . ." *Reply to Motion to Strike* [#89] at 4.  This is not enough to find that Plaintiffs' violation of Rule 26(a) was willful or in bad faith.

The Court finds that Plaintiffs have failed to carry their burden of showing that they were substantially justified in failing to comply with Fed. R. Civ. P. 26(a) and that such failure was harmless, *see Sender*, 225 F.R.D. at 655.  Considering the prejudice to Defendant and the inability to cure the violation of Rule 26, the Court finds that Plaintiffs' designation of sur-rebuttal experts was neither substantially justified nor harmless.  *See Rothenberg,* 2012 WL 2126846, at *2; *Lindner*, 249 F.R.D. at 625 (striking portion of rebuttal report that did "not constitute a proper rebuttal report"); *Daly v. Fesco Agencies NA Inc.*, 108 F. App'x 476, at *2 (9th Cir. Aug. 23, 2004) (unpublished decision) (holding that district court did not abuse its discretion by limiting testimony of rebuttal expert to information actually rebutting opposing party's case and excluding testimony that was not considered rebuttal testimony pursuant to Rule 26(a)(2)).

**B.      The Motion to Amend**

    **1.      Amendment of the Scheduling Order is Not Warranted**

In their Motion to Amend [#79], Plaintiffs ask the Court to "modify or clarify the Scheduling Order to specify that any party may call a timely disclosed rebuttal expert to testify solely to contradict an expert called by the other party in the subject matter identified by the other party." *Motion to Amend* [#79] at 5. While the Motion to Amend [#79] is unclear about the avenue through which Plaintiffs seek such relief, the Court reads the Motion to Amend [#79] as requesting that the Scheduling Order [#7] be modified to allow for sur-rebuttal expert designations. Defendant argues that Plaintiffs "are asking that their prior designations of sur-rebuttal expert witnesses be now approved by this Court." *Resp. to Motion to Amend* [#88] at 5. In effect, that is true. As a basis for this requested relief, Plaintiffs claim that they "have established good cause to modify the scheduling order to enable them to call their rebuttal witnesses to rebut the subject matters identified by [Defendant]." *Motion to Amend* [#79] at 5.

As discussed above, scheduling order deadlines "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b). The decision to modify the Scheduling Order "is committed to the sound discretion of the trial court." *Smith*, 834 F.2d at 169; *see also Benton*, 2013 WL 1751886, at *1. Normally, when exercising its discretion, the Court considers the following factors: (1) whether trial is imminent; (2) whether the request to reopen or extend discovery is opposed; (3) whether the non-moving party would be prejudiced; (4) whether the moving party was diligent in obtaining discovery within the guidelines established by the Court; (5) the foreseeability of the need for additional discovery in light of the time allowed for discovery by the Court; and (6) the likelihood that

the discovery will lead to relevant evidence. *Id.* (citations omitted).[5] However, since the modification of the Scheduling Order [#7] requested by Plaintiffs seeks to include sur-rebuttal experts, who are not anticipated by the Federal Rules of Civil Procedure or the Local Rules of this Court and have been found to not be permitted, the Court declines to engage in this analysis because it would be futile. *See Rothenberg*, 2012 WL 2126846, at *2 ("The court finds that Federal Rule 26(a)(2) permits affirmative expert disclosures and rebuttal expert disclosures; it does not permit parties to further rebut rebuttal expert disclosures."). Accordingly, the Court finds that Plaintiffs have not shown good cause for their requested modification of the Scheduling Order [#7].

### 2. Defendant Argues that the Motion to Amend is a Motion for Reconsideration

In its Response to the Motion to Amend [#88], Defendant offers an alternative argument that, because the idea of staggered rebuttal expert designation deadlines was initially included in the parties' proposed Scheduling Order but was struck out by the Court, Plaintiffs' Motion to Amend [#79] is actually a motion for reconsideration brought pursuant to Fed. R. Civ. P. 60(b). Because the Court concludes that Plaintiffs have not shown good cause for modification of the Scheduling Order [#7], the Court declines to engage in an analysis pursuant to Fed. R. Civ. P. 60(b).

---

[5] The Court notes that Plaintiffs, who are seeking amendment of the Scheduling Order [#7], fail to mention the *Smith* factors in their Motion to Amend [#79]. Instead, Plaintiffs claim that Rule 16 "focuses on the diligence of the party seeking to modify the scheduling order." *Motion to Amend* [#79] at 2. While diligence is one factor to be considered, Plaintiffs entirely fail to address any of the other considerations in their Motion to Amend [#79]. Only after the *Smith* factors were discussed by Defendant in its Response [#88] did Plaintiffs bother to address the *Smith* factors in their Reply to their Motion to Amend [#90].

## IV. Conclusion

For the reasons stated above,

IT IS HEREBY **ORDERED** that the Motion to Strike [#76] is **GRANTED in part** to the extent that it seeks to have Plaintiffs' designation of each of Plaintiffs' five sur-rebuttal experts stricken. Accordingly,

IT IS FURTHER **ORDERED** that Plaintiffs' designations of the following sur-rebuttal experts are **STRICKEN**: Gary T. Fye,[6] Dr. Raymond Kim,[7] Dr. Erasmus Morfe,[8] Dr. Cyril Bohachevsky, and Paul L. Cadorette.

IT IS FURTHER **ORDERED** that the Motion to Amend [#79] is **DENIED**.

Dated: July 22, 2013

BY THE COURT:

Kristen L. Mix
United States Magistrate Judge

---

[6] To the extent Plaintiffs designated Mr. Fye as an affirmative expert witness, the Court does not disturb such designation. *See Motion to Strike, Ex. C* [#76-3] at 1-2 (Plaintiffs['] Third Supplemental F.R.C.P. 26(A)(2) Expert Disclosures).

[7] To the extent Plaintiffs designated Dr. Kim as an affirmative expert witness, the Court does not disturb such designation. *See Motion to Strike, Ex. C* [#76-3] at 4 (Plaintiffs['] Third Supplemental F.R.C.P. 26(A)(2) Expert Disclosures).

[8] To the extent Plaintiffs designated Dr. Morfe as an affirmative expert witness, the Court does not disturb such designation. *See Motion to Strike, Ex. C* [#76-3] at 3 (Plaintiffs['] Third Supplemental F.R.C.P. 26(A)(2) Expert Disclosures).