IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-00007-WJM-KLM

RICHARD CARROLL, and
SHARON CARROLL,

    Plaintiffs,

v.

ALLSTATE FIRE AND CASUALTY INSURANCE COMPANY,

    Defendant.

_____

**ORDER**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on Plaintiffs **Carroll[s'] Motion to Strike Allstate Motion to Strike Gary Fye Testimony and for Sanctions** [Docket No. 71; Filed May 23, 2013] (the "Motion"). The Motion is referred to this Court for disposition [#72]. Defendant filed a Response to the Motion [#82]. Plaintiff did not file a reply. The Motion is ripe for resolution. The Court has reviewed the Motion, the Response, the entire docket, and the applicable law, and is sufficiently advised in the premises. For the reasons set forth below, the Motion [#71] is **DENIED**.

### I.  Background[1]

This action arose from a motor vehicle collision between two vehicles on September 24, 2010 near Spanish Fork, Utah. *Sched. Order (Undisputed Facts)* [#7] at § 4. Plaintiffs Richard and Sharon Carroll were in one vehicle, Richard as the driver and Sharon as the

---

[1] The Court summarizes only those arguments which merit analysis.

passenger, and Hector Guillen was in the second vehicle. *Id.* The collision was a result of Mr. Guillen's negligence. *Id.* Mr. Guillen and Plaintiffs were both insured by Defendant. *Id.* Plaintiffs assert that they settled their third-party claims against Mr. Guillen for the policy limits. *Compl.* [#2] at 2-3. In this action, Plaintiffs are seeking payment of their underinsured motorist benefits from Defendant. *Id.* at 3. Plaintiffs allege that Defendant's failure to pay Plaintiffs their covered benefits is a breach of the insurance contract, *id.* at 4, and the covenant of good faith and fair dealing. *Id.* at 5.

In the Motion, Plaintiffs argue that Defendant's Motion for Sanctions Regarding Plaintiffs' Purported Expert Fye, Pursuant to Federal Rules of Civil Procedure 30 and 37 [#57] (the "Sanctions Motion") should be stricken because counsel did not engage in meaningful conferral pursuant to D.C.COLO.LCivR 7.1A prior to filing the Sanctions Motion. *Motion* [#71] at 1-2. Plaintiffs state that the conferral engaged in by counsel prior to Defendant filing the Sanctions Motion was "based on one single April 11, 2013, [sic] email message from counsel advising that: 'Finally, we will be filing a motion for sanctions as to Mr. Fye's outrageous deposition conduct, seeking, among other things, to preclude his testimony at trial. I presume you object, but please let me know if you do not.'" *Id.* Plaintiffs do not state whether their counsel responded to the April 11, 2013 email. Instead, Plaintiffs next state that "[o]n April 22, 2013, as promised, [Defendant] then filed its 18-page motion to strike Fye and for sanctions." *Id.* at 2.

In its Response, Defendant argues that "contrary to Plaintiffs' representation, the April 11, 2013 email exchange between the parties contains at least two relevant emails and demonstrates both that the parties were conferring regarding various issues and that Plaintiffs expressly informed [Defendant] that they objected to the proposed Motion for

2

Sanctions as to Mr. Fye's outrageous deposition conduct." *Response* [#82] at 2. Defendants attach two email chains in support of their arguments. The first is an email chain containing five emails beginning on March 27, 2013 and ending on April 11, 2013. *See generally April 11, 2013 Email Chain* [#82-1]. The second is an email chain containing two emails both dated May 23, 2013. *See generally May 23, 2013 Email Chain* [#82-2].

The Court also notes that the Sanctions Motion [#57] is fully briefed and pending before the Court.

## II. Analysis

Defendant's certification in the Sanctions Motion states "[c]ounsel for the parties have conferred and Plaintiffs oppose the relief sought herein." *Sanctions Motions* [#57] at 1. Pursuant to Local Rule 7.1A, the Court will not consider a nondispositive motion unless the movant, prior to filing, has conferred or made reasonable, good-faith efforts to confer with opposing counsel to resolve the dispute. To confer means to "discuss, talk over, consult about," or "to hold conference." *See Oxford English Dictionary* (2d ed. 1989). Accordingly, the language of Local Rule 7.1A suggests that parties confer by "hold[ing] a conference, possibly through the exchange of correspondence but preferably through person-to-person telephone calls or face-to-face meetings, and [by] compar[ing] views and attempt[ing] to reach an agreement, including by compromise if appropriate." *Hoelzel v. First Select Corp.*, 214 F.R.D. 634, 636 (D. Colo. 2003). If both parties have not discussed and compared views in an attempt to reach an agreement, the movant must at least make reasonable, good-faith efforts to do so. The Court judges the reasonableness of movant's good-faith efforts by considering not only the sheer quantity of contacts, but also their quality in relation to the issues in dispute. *Cotracom Commodity Trading Co. v. Seaboard*

*Corp.,* 189 F.R.D. 456, 459 (D. Kan. 1999) (holding that four phone calls and two letters did not satisfy the duty to make a reasonable, good-faith effort to confer regarding contested discovery issues).

On April 11, 2013, Defendant's counsel emailed Plaintiffs' counsel informing Plaintiff's counsel that Defendant intended to file two motions in the instant action and discussing the deposition schedule. *See April 11, 2013 Email Chain* [#82-1] at 1. Defendant's counsel specifically asked Plaintiff's counsel to inform him if Plaintiffs did not object to each of the proposed motions. *Id.* Plaintiffs' counsel responded that day with three words: "Correct. We object." *Id.* Plaintiffs' counsel did not clarify if Plaintiffs objected to both motions and Defendant's counsel did not seek clarification. *Id.* While it would be best practice for Defendant's counsel to seek such clarification, the April 11, 2013 Email Chain is sufficient evidence of a good-faith attempt to confer regarding the Sanctions Motion pursuant to Local Rule 7.1A.

It is disingenuous for Plaintiffs' counsel's to send an email stating "Correct. We object." and then to file the instant Motion on the sole basis that Defendant's counsel did not sufficiently confer with him prior to filing the Sanctions Motion. In addition, Plaintiffs do not argue, and there is no evidence to suggest, that further conferral would have resulted in resolution of the issues raised in the Sanctions Motion. To the contrary, Plaintiffs filed a response [#78][2] to the Sanctions Motion [#57] which makes clear that Plaintiffs vigorously oppose the Sanctions Motion. Further, striking the Sanctions Motion will simply result in

---

[2] The Court notes that Plaintiffs' initial two responses [##64, 74] to the Sanctions Motion were stricken for failure to comply with the Local Rules of the Court and Judge Martinez's Practice Standards. *See Order* [#73] at 1; *Minute Order* [#75] at 1.

4

it being re-filed after counsel engages in further conferral which would, like the instant Motion, waste both the Court's and the parties' resources.  Accordingly,

### III.  Conclusion

IT IS HEREBY **ORDERED** that the Motion [#71] is **DENIED**.

Dated:  September 20, 2013

BY THE COURT:

Kristen L.  Mix
United States Magistrate Judge