IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-00007-WJM-KLM

RICHARD CARROLL, and
SHARON CARROLL,

    Plaintiffs,

v.

ALLSTATE FIRE AND CASUALTY INSURANCE COMPANY,

    Defendant.

_____

**ORDER**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on Plaintiffs **Carroll[s'] Motion to Strike Allstate Affirmative Defenses that Require Expert Testimony** [91][1] (the "Motion"). The Motion is referred to this Court for disposition [#92]. On August 9, 2013, Defendant filed a Response to the Motion [#98]. On August 22, 2013, Plaintiffs filed a Reply [#100]. The Court has reviewed the Motion, the Response, the Reply, the entire docket, and the applicable law, and is sufficiently advised in the premises. For the reasons set forth below, the Motion [#91] is **DENIED as moot** in part and **DENIED** in part.

**I. Background**

This action arose from a motor vehicle collision between two vehicles on September 24, 2010 near Spanish Fork, Utah. *Sched. Order (Undisputed Facts)* [#7] at § 4. Plaintiffs

---

[1] "[#91]" is an example of the convention I use to identify the docket number assigned to a specific paper by the Court's case management and electronic case filing system (CM/ECF). I use this convention throughout this Order.

Richard and Sharon Carroll were in one vehicle, Richard as the driver and Sharon as the passenger, and Hector Guillen ("Guillen") was in the second vehicle. *Id.* The collision was a result of Mr. Guillen's negligence. *Id.* Mr. Guillen and Plaintiffs were both insured by Defendant. *Id.* Plaintiffs assert that they settled their third-party claims against Mr. Guillen for the policy limits. *Compl.* [#2] at 2-3. In this action, Plaintiffs are seeking payment of their underinsured motorist benefits from Defendant. *Id.* at 3. Plaintiffs allege that Defendant's failure to pay Plaintiffs their covered benefits is a breach of the insurance contract, *id.* at 4, and the covenant of good faith and fair dealing. *Id.* at 5.

In the Motion, Plaintiffs argue that three affirmative defenses pled by Defendant should be stricken pursuant to Fed. R. Civ. P. 12(f) "as scandalous, impertinent and immaterial since they remain unsupported by Colorado law and since Allstate never disclosed any [affirmative] experts [pursuant to Fed. R. Civ. P. 26(a)(2)] to provide supporting testimony necessary for these defenses." *Motion* [#91] at 3-4. The Motion is muddled, but the Court understands Plaintiffs to argue that Defendant's comparative bad faith affirmative defense should be stricken because Defendant "cannot establish [this] affirmative defense . . . without expert testimony." *Id.* at 3. While the Motion purports to seek to strike "affirmative defenses that require expert testimony," *id.* at 1, Plaintiffs also ask the Court to strike Defendant's sixth and ninth affirmative defenses for being "scandalous and impertinent." *Id.* at 3. The sixth affirmative defense states "Plaintiffs named herein may not be the real party in interest to prosecute all or a portion of the claim in questions." *Answer* [#3] at 5. The ninth affirmative defenses states: "Plaintiffs' claims may be barred or limited by the collateral source rule of C.R.S. § 13-21-111.6." *Id.*

Plaintiffs provide general citations[2] to *Volunteers of America v. Gardenschwartz*, 242 P.3d 1080 (Colo. 2010) and *Crossgrove v. WalMart Stores, Inc.*, 275 P.3d 562 (Colo. 2012) and simply state that Defendant's ninth affirmative defense "violates [the] holdings" of these cases, without further explanation. *Motion* [#91] at 3. With regard to the sixth affirmative defense, Plaintiffs provide only one sentence of argument:

> The [Defendant's] defense in ¶6 [sic] suffers from similar infirmity [as the ninth affirmative defense], reflects blunderbuss-type pleadings in violation of Fed.R.Civ.P. [sic] 11 and should also be stricken, since [Plaintiffs] remain as the "real parties in interest" to pursue their unassigned claims.

*Id.*

In its Response, Defendant argues that its bad faith affirmative defense does not require expert testimony. *Response* [#98] at 3-6. Defendant also argues that Plaintiffs failed to confer with Defendant regarding the other two challenged affirmative defenses in violation of D.C.COLO.LCivR 7.1A. *Id.* at 6-7. Defendant further argues that the ninth affirmative defense does not violate the holdings of the two cited cases and provides an analysis of the cases cited by Plaintiffs. Regarding the sixth affirmative defense, Defendant maintains that Plaintiffs' request that it be stricken should be denied because "Plaintiffs have failed to confer regarding this affirmative defense and have failed to provide any support for the mere argument of their counsel." *Id.* at 9-10.

---

[2] Defendant argues that Plaintiffs' Motion should be stricken for failure to comply with the Court's Practice Standards after receiving several warnings from the Court. While the Motion fails to comply with the District Judge's Practice Standards, *see* WJM Revised Practice Standards II.E.2 ("The parties shall provide specific references in the form of precise citations . . ."), and the Court entered an Order stating that any pleading that does not comply with all applicable rules and practice standards "will be stricken," *Order* [#93] at 3-4 n.1, that Order was entered a few days after the Motion was filed. Therefore, the Court will not strike the Motion at this time. However, Plaintiffs are again warned that the Court will not tolerate any violation of the applicable rules and practice standards.

>The only new argument asserted by Plaintiffs in their Reply is as follows:
>
>[b]ecause [Defendant] recites zero legal authority supporting its position but only "argument of counsel" that carries zero weight, [Plaintiffs] ask that the Court strike [Defendant's] affirmative defense of comparative bad faith that requires expert testimony, such as the claim of comparative bad faith, or those that violate F.R.E. 403 and Fed.R.Civ.P. [sic] 12(f), such as "collateral sources" and "real parties in interest" be stricken.

*Reply* [#100] at 4.

On September 4, 2013, the Court entered an Order in which it found that Defendants' rebuttal experts should have been disclosed as affirmative experts. *Order* [#103] at 5-6. The Court stated: "Had [Defendant] disclosed its expert witnesses as affirmative expert witnesses at the time it should have, Plaintiffs would have been permitted the chance to engage their own experts to rebut those opinions." *Id.* at 7. As a result, the Court concluded that "the Challenged Experts were Plaintiffs' rebuttal experts and were not . . . improper sur-rebuttal experts." *Id.* at 7.

## II. Analysis

### A.     Fifteenth Affirmative Defense: Comparative Bad Faith

The Court's September 4, 2013 Order moots Plaintiffs' argument that Defendant cannot assert a comparative bad faith affirmative defense because Defendant did not designate any affirmative expert witnesses. In that Order, the Court found that Defendants' rebuttal experts should have been disclosed as affirmative experts. *Order* [#103] at 5-6. The Court concluded that "the Challenged Experts were Plaintiffs' rebuttal experts and were not . . . improper sur-rebuttal experts" because the Court determined that Defendant's witnesses were properly classified as affirmative expert witnesses. *Id.* at 7. Accordingly, to the extent Plaintiffs' Motion requests that Defendant's fifteenth affirmative defense be

stricken, it is **denied as moot**.

**B.      Ninth Affirmative Defense: Collateral Source Rule**

Pursuant to Fed. R. Civ. P. 12(f), a court "may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f).  "The rule's purpose is to conserve time and resources by avoiding litigation of issues which will not affect the outcome of a case."  *Sierra Club v. Tri-State Generation & Transmission Ass'n*, 173 F.R.D. 275, 285 (D. Colo. 1997) (citing *United States v. Smuggler-Durant Mining Corp.*, 823 F.Supp. 873, 875 (D. Colo. 1993)); *see also RTC v. Schonacher,* 844 F.Supp. 689, 691 (D. Kan. 1994) (stating that Rule 12(f)'s purpose "is to minimize delay, prejudice, and confusion by narrowing the issues for discovery and trial"). However, motions to strike are disfavored and will only be granted under the rarest of circumstances.  *Sierra Club*, 173 F.R.D. at 285.   As such, the moving party's "burden of proof is a heavy one."  *Holzberlein v. OM Fin. Life Ins. Co.*, No. 08-cv-02053-LTB, 2008 WL 5381503, at *1 (D. Colo. Dec. 22, 2008).  Further, "[e]ven where the challenged allegations fall within the categories set forth in the rule, a party must usually make a showing of prejudice before the court will grant a motion to strike."  *Sierra Club*, 173 F.R.D. at 285. Moreover, regardless of whether the moving party has met its burden to prove that allegations contained in a pleading violate Rule 12(f), discretion remains with the Court to grant or deny the motion.  *See* Fed. R. Civ. P. 12(f) (denoting only that allegations which are subject to Rule 12(f) "may" be stricken).

Here, Plaintiffs do not meet their heavy burden.  As Defendant notes, the two cases Plaintiffs cite in support of the idea that the ninth affirmative defense should be stricken

both involve recovery for claims against a tortfeasor. *See Volunteers of America Colorado Branch*, 242 P.3d at 1083 (noting that the collateral source rule "prohibits the wrong-doer from enjoying the benefits procured by the injured plaintiff."); *Wal-Mart Stores, Inc.*, 276 P.3d at 566 (the rule "prevents the tortfeasor from benefitting from the plaintiff's purchase of insurance. It does not necessarily, however, result in double recovery . . . because the plaintiff must often subrogate the party with whom he contracted."). However, Plaintiffs assert that they settled their third-party claims against Mr. Guillen, the tortfeasor in this case, *Compl.* [#2] at 2-3, and the claims at issue here are asserted against an insurer. Furthermore, Plaintiffs' assertion in their Reply that their Motion should be granted because Defendant "recites zero legal authority supporting its position," *Reply* [#100] at 4, is not only incorrect, it also improperly attempts to shift Plaintiffs' burden to Defendant. Finally, Plaintiffs fail to allege that they will suffer any prejudice if Defendants' ninth affirmative defense is not stricken. *See Sierra Club*, 173 F.R.D. at 285. Accordingly, to the extent Plaintiffs' Motion seeks to strike Defendant's ninth affirmative defense, it is **denied**.

**C.     Sixth Affirmative Defense: Real Parties in Interest**

With regard to Defendant's sixth affirmative defense, Plaintiffs fail to cite to any legal authority in support of their argument that it should be stricken. In addition, they fail to allege that they will suffer any prejudice if Defendant's sixth affirmative defense is not stricken. Therefore, with regard to this affirmative defense, Plaintiffs fail to met the heavy burden of showing that they are entitled to the relief requested. Accordingly, to the extent Plaintiffs' Motion seeks to strike Defendant's sixth affirmative defense, it is **denied**.

**D.     Failure to Confer**

Defendant's certification in the Motion states "[c]ounsel have reasonably conferred about the relief sought in this motion, [Defendant] refuses to withdraw its affirmative defenses that require expert testimony, necessitating this motion." *Motion* [#91] at 1. Defendant argues that while Plaintiffs did confer regarding Defendant's fifteenth affirmative defense, Plaintiffs never sought to confer regarding the sixth or ninth affirmative defenses. *Response* [#98] at 6-7, 9-10. In support of its argument Defendant attaches an email dated July 2, 2013 from Plaintiffs' counsel to Defendant's counsel. *See generally July 3 email* [#98-1]. The July 3 email states:

> I also ask if you would be withdrawing your affirmative defenses that require expert testimony where you have to meet your burden of proof using expert testimony, since admittedly [Defendant] has not disclosed any affirmative experts for which [Defendant] bears the burden of proof.

*Id.* at 1. Plaintiffs fail to address this argument in their Reply.

Pursuant to Local Rule 7.1A, the Court will not consider a nondispositive motion unless the movant, prior to filing, has conferred or made reasonable, good-faith efforts to confer with opposing counsel to resolve the dispute. To confer means to "discuss, talk over, consult about," or "to hold conference." *See Oxford English Dictionary* (2d ed. 1989). Accordingly, the language of Local Rule 7.1A suggests that parties confer by "hold[ing] a conference, possibly through the exchange of correspondence but preferably through person-to-person telephone calls or face-to-face meetings, and [by] compar[ing] views and attempt[ing] to reach an agreement, including by compromise if appropriate." *Hoelzel v. First Select Corp.*, 214 F.R.D. 634, 636 (D. Colo. 2003). If both parties have not discussed and compared views in an attempt to reach an agreement, the movant must at least make

7

reasonable, good-faith efforts to do so.  The Court judges the reasonableness of movant's good-faith efforts by considering not only the sheer quantity of contacts, but also their quality in relation to the issues in dispute.  *Cotracom Commodity Trading Co. v. Seaboard Corp.,* 189 F.R.D. 456, 459 (D. Kan. 1999) (holding that four phone calls and two letters did not satisfy the duty to make a reasonable, good-faith effort to confer regarding contested discovery issues).

The July 3 email does not constitute conferral regarding the sixth and ninth affirmative defenses.  The July 3 email only refers to affirmative defenses for which Plaintiffs believe Defendant must submit expert testimony and the Motion makes no such argument regarding the sixth and ninth affirmative defenses.  The purpose of Rule 7.1A is to decrease the number and length of motions filed in each case.  Here Plaintiffs' failure to comply with Rule 7.1A is especially troubling because on May 23, 2013, Plaintiffs filed a motion to strike [#71] (the "Motion to Strike") a pending motion based on Plaintiffs' belief that Defendant did not comply with Rule 7.1A.  Clearly, Plaintiffs were aware of the rule at the time they sent the July 3 email and believed that "one single" email was not sufficient conferral pursuant to Rule 7.1A.  *Motion to Strike* [#71] at 1.  Here, Plaintiffs' conferral is based on one email that fails to mention two of the three affirmative defenses included in the Motion.  *See July 3 email* [#98-1] at 1.

However, Defendants do not argue, and there is no evidence to suggest, that further conferral would have resulted in resolution of the issues raised in the Motion.  Further, striking the Motion or denying it without prejudice will simply result in it being re-filed after counsel engages in further conferral which would, like the instant Motion, waste both the Court's and the parties' resources.  **However, Plaintiffs are warned that failure to**

**engage in meaningful conferral regarding any motion filed in this case or violation of any applicable rule or practice standard may result in the striking of any such filings or imposition of other sanctions.** Accordingly,

### III. Conclusion

IT IS HEREBY **ORDERED** that the Motion [#91] is **DENIED as moot** in part and **DENIED** in part.

Dated: October 24, 2013

BY THE COURT:

Kristen L. Mix
United States Magistrate Judge